Case 5:23-cv-00050   Document 11   Filed on 03/27/24 in TXSD   Page 1 of 19

United States District Court
Southern District of Texas
**ENTERED**
March 27, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **AMADO RUFINO MARTINEZ, JR.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:23-CV-00050 |
| § | |
| **ZAPATA COUNTY, TEXAS,** *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER & MEMORANDUM

Plaintiff Amado Rufino Martinez, Jr., brings this personal injury action against Defendants Zapata County, Texas, and Zapata County Sheriff's Office under 42 U.S.C. § 1983, alleging, *inter alia*, that he was beaten and falsely imprisoned by Zapata County Sheriff's deputies in contravention of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States. *See* (Dkt. 1, Attach. 1.) Plaintiff's Second Amended Complaint (Dkt. 1, Attach. 1) further alleges that Defendants were negligent in failing to supervise the deputies who attacked him, and Plaintiff seeks a declaratory judgment that Defendant Zapata County violated his civil rights under Article I §§ 8 and 19 of the Texas Constitution. (*Id.* at ¶¶ 12, 13.)

Now pending is Defendant's Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) (Dkt. 2). Defendants advance three primary arguments in favor of dismissal: (1) Defendant Zapata County Sheriff's Office is not a juridical entity capable of being sued; (2) Plaintiff's state-law tort claims of negligence and false imprisonment against Defendant Zapata County are barred by governmental immunity; (3) Plaintiff's federal causes of action against Defendant Zapata County are barred by the applicable statute of limitations, and Plaintiff's Second Amended Complaint (Dkt. 1, Attach. 1) otherwise fails to state a claim. *See* (Dkt. 2.) Plaintiff's Response (Dkt. 8) does

not address the Defendants' arguments regarding the statute of limitations and governmental immunity, defending only his claim of false imprisonment. *See* (Dkt. 8.) Plaintiff also asks the Court to grant leave to amend his complaint should it determine that he failed to state a claim. (*Id.* at ¶ 20.)

First, the Court finds that all of Plaintiff's claims against Defendant Zapata County Sheriff's Office must be dismissed with prejudice under Rule 12(b)(1) because Zapata County Sheriff's Office is not an independent juridical entity that is capable of being sued under Texas law. Second, the Court holds that Plaintiff's tort claims against Defendant Zapata County must be dismissed with prejudice because Defendant is entitled to governmental immunity. Third, the Court finds that governmental immunity protects Defendant Zapata County from liability under the Texas Declaratory Judgment Act (UDJA) because Plaintiff's constitutional claims are facially invalid. Fourth, finding that Plaintiff's § 1983 action against Defendant Zapata County is time-barred due to the passing of the applicable statute of limitations, the Court must also dismiss with prejudice Plaintiff's federal claims under Rule 12(b)(6). Finally, the Court holds that Plaintiff's § 1983 claim must be dismissed with prejudice for failure to state a claim to relief that is plausible on its face.

## Background

Plaintiff alleges that he was severely injured while in police custody. (Dkt. 1 at ¶ 1.) On March 15, 2020, at approximately 3:51 a.m., Deputy Sheriff Jorge Alejandro Solis was radio dispatched to the residence at 2405 Carla Street, Zapata, Texas, regarding a domestic disturbance. (Dkt. 1, Attach. 4 at 223.)[1] Deputy Solis encountered Plaintiff, who appeared to be intoxicated,

---

[1] The parties have labeled their sub-filings as "Exhibits." However, this Court will use "Attachment" to refer to these sub-filings in accordance with official docket entries.

lying on the floor. (*Id.* at 224.) Plaintiff was also found to be in possession of less than a gram of cocaine. (*Id.*) Deputy Solis helped lift Plaintiff from the ground, who proceeded to lean on Deputy Solis's person for support. (*Id.*) However, Plaintiff lost his balance and stumbled into a parked vehicle in Plaintiff's driveway. (*Id.*) Deputy Solis determined that Plaintiff was "a danger to himself and others" and attempted to arrest Plaintiff for public intoxication. (*Id.*) However, Plaintiff allegedly resisted arrest, striking Deputy Solis in the face. (*Id.*) After considerable effort, Deputy Solis and Deputy Luis Guerra arrested Plaintiff, placed him in the back of a patrol vehicle, and transported him to the Zapata County Regional Jail for booking. (*Id.*) Sheriff's deputies charged Plaintiff with public intoxication, resisting arrest, possession of a controlled substance, and aggravated assault on a public servant. (*Id.*)

While in custody, Plaintiff allegedly made verbal threats to the jail staff and continued to act belligerently toward officers, leading deputies to strap Plaintiff into a restraining chair at approximately 8:10 a.m. (*Id.* at 238.) Plaintiff claims that one or more Zapata County Sheriff's deputies brutally assaulted him while he was restrained. (Dkt. 1, Attach. 1 at ¶ 1.) Plaintiff suffered lacerations to his head and other injuries, which required deputies to transport him to the Laredo Medical Center for treatment. (*Id.*)

Plaintiff filed his Original Petition on March 10, 2022, in the 49th Judicial District, Zapata County, Texas. *See* (Dkt. 1, Attach. 4.) The Original Petition contained a specific section excluding all federal claims and causes of action.

> **V. Exclusion of Federal Claims**
> Plaintiff hereby gives notice that only claims arising under Texas state law are alleged in this suit. This suit excludes all federal causes of action currently. The only causes of action which are intended to be litigated in this Court are those concerning rights arising under the Laws and Constitution of the sovereign State of Texas. Further diversity of the parties does not exist for the purposes of Federal jurisdiction.

(Dkt. 1, Attach. 4 at ¶ 11.)

Plaintiff's Original Petition implicated as defendants Zapata County, Texas, Zapata County's Sheriff's Office, and four unnamed sheriff's deputies: John Doe #1, John Doe #2, John Doe #3, and John Doe #4. *See* (Dkt. 1, Attach. 4). The unnamed deputies were dismissed from the suit on January 19, 2023. (Dkt. 2 at ¶ 4.) The remaining Defendants, Zapata County and Zapata County Sheriff's Office, filed their plea to jurisdiction asserting governmental immunity from Plaintiff's claims on January 27, 2023. (*Id.* at ¶ 5.) A hearing was scheduled for May 15, 2023. (*Id.*)

Then, on May 12, 2023, Plaintiff filed a Second Amended Complaint (Dkt. 1, Attach. 1) that deleted the section excluding federal claims and added new language, alleging, for the first time, federal causes of action against Defendants. The section reads as follows:

> **VI. Violation of Federal Texas Constitutional Rights**
> …Plaintiff seeks relief pursuant to Amendments IV and XIV of the United States Constitution as well as pursuant to 42 U.S.C. § 1983, *et. seq*. Plaintiff seeks monetary and declaratory relief as outlined below, including but not limited to money damages and attorney's fees, and pursuant to 42 U.S.C. §§ 1983 & 1988.
> *See* (Dkt. 1, Attach. 1 at ¶¶ 11−15.)

Defendants timely removed the matter to this Court on May 13, 2023, following Plaintiff's inclusion of the newly pleaded federal claims. *See* (Dkt. 1.) On June 14, 2023, Defendants filed a Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6). (Dkt. 2.)

## Legal Standards

### A. Federal Rule of Civil Procedure 12(b)(1)

"Under Rule 12(b)(1), a civil claim must be dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (internal citation omitted). Where a Rule 12(b)(1) motion to dismiss is filed in conjunction with other Rule 12 motions, the Court should consider

the jurisdictional attack first, before addressing any attack on the merits. *Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 455 (5th Cir. 2022). A plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Unlike Rule 12(b)(6) motions to dismiss, where the Court treats all well-pleaded factual allegations as true, in evaluating Rule 12(b)(1) motions, the "district courts have a unique power…to make factual findings which are decisive of [subject matter] jurisdiction." *Peralta v. Garay*, 284 F. Supp. 3d 858, 861 (S.D. Tex. Jan. 12, 2018) (citing *Williamson v. Tucker*, 645 F.2d 404, 412−13 (5th Cir. 1981) ("no presumptive truthfulness attaches to Plaintiffs' allegations for purposes of a Rule 12(b)(1) inquiry"). In other words, the Court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Smith*, 756 F.3d at 347.

### B. Municipal Corporations and Their Capacity to Sue or Be Sued

Under Rule 17(b), the capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b). For a plaintiff to sue a municipal corporation, such as a county sheriff's department, the municipal corporation "must enjoy a separate legal existence." *Alcala v. Dallas Cty. Sheriff's Dep't*, 988 F.2d 1210, 1210 (5th Cir. 1993) (finding that plaintiff failed to show that Dallas County granted its sheriff's department the capacity to engage in separate litigation); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (finding that plaintiff failed to show that City of Pasadena, a home rule municipality, granted its police department the power to sue or be sued). "Unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Darby*, 939 F.2d at 313 (citing *Taylor v. Adm'r. of the SBA*, 722 F.2d 105, 110−11 (5th Cir. 1983)).

### C. Waiver of Governmental Immunity & Texas Tort Claims Act (TTCA)

"Under Texas law, sovereign immunity exists 'to protect the State and its political subdivisions from lawsuits and liability for money damages.'" *Chavez v. Alvarado*, 550 F. Supp. 3d 439, 452−53 (S.D. Tex. 2021) (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008)); *Chambers-Liberty Ctys. Navigation Dist. v. State*, 575 S.W.3d 339, 344 (Tex. 2019). Sovereign immunity includes governmental immunity, which "protects political subdivisions of the state, including municipalities." *El Paso Indep. Sch. Dist. v. Richard R.*, 567 F. Supp. 2d 918, 935 (W.D. Tex. 2008) (quoting *Garcia*, 253 S.W.3d at 655). "Unless a constitutional or statutory provision waives a governmental unit's immunity, that unit may not be liable for the torts of its officers or agents." *Chavez*, 550 F. Supp. 3d at 453. Governmental immunity from suit "implicates a court's subject-matter jurisdiction over pending claims, and without jurisdiction, the court cannot proceed at all in any cause." *Zachry Const. Corp. v. Port of Hous. Auth. of Harris Cty.*, 449 S.W.3d 98, 105 (Tex. 2014).

The Texas Tort Claims Act (TTCA) provides a limited waiver of governmental immunity and only "to the extent of liability created by this [statute]." Tex. Civ. Prac. & Rem. Code § 101.025(a). Governmental immunity is waived for personal injury claims only where the injury: (1) "arises from the operation or use of a motor-driven vehicle or motor-driven equipment;" and (2) "[was] caused by a condition or use of tangible personal…property[.]" *Id.* § 101.021. This waiver applies narrowly to "certain negligent conduct"; importantly, it "does not waive immunity for claims arising out of intentional torts." *Saenz v. City of El Paso*, 637 F. App'x 828, 830 (5th Cir. 2016) (*per curiam*) (quoting *City of Watauga v. Gordon*, 434 S.W.3d 586, 594 (Tex. 2014)) (emphasis added); *see also* Tex. Civ. Prac. & Rem. Code § 101.057(2). So, "if a plaintiff pleads facts which amount to an intentional tort, *no matter if the claim is framed as negligence*, the claim

6 / 19

generally is for an intentional tort and is barred by the TTCA." *Saenz*, 637 F. App'x at 830 (quoting *Harris Cty. v. Cabazos*, 177 S.W.3d 105, 111 (Tex. App. 2005)) (emphasis added).

### D. Texas Declaratory Judgment Act (UDJA)

The UDJA allows a person "who is interested in a deed, or whose rights, status, or other legal relations are affected by a statute, to obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code § 37.004(a). The UDJA "does not enlarge a court's jurisdiction"; rather, it is a procedural device for deciding cases already within a court's jurisdiction. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009). "Accordingly, the underlying action, if against the state or its political subdivisions, must be one for which immunity has expressly been waived." *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (Tex. 2011). In *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 553 (Tex. 2019), the Texas Supreme Court held that the UDJA "does not contain a general waiver of sovereign immunity, providing only a limited waiver for challenges to the validity of a specific ordinance or statute." So, claims requesting declaratory relief against a governmental entity are barred absent a legislative waiver of immunity with respect to the underlying action. *Sefzik*, 355 S.W.3d at 621. "While it is true that sovereign immunity does not bar a suit to vindicate constitutional rights, *Heinrich*, 284 S.W.3d at 372, immunity from suit is not waived if the constitutional claims are facially invalid." *Klumb. v. Hous. Mun. Emp. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015).

### E. False Imprisonment at Common Law

"[T]he elements of a false imprisonment claim under Texas law are (1) willful detention, (2) without consent, and (3) without authority of law." *Davila v. United States*, 713 F.3d 248, 262 (5th Cir. 2013) (citing *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002)). In Texas, "liability for false imprisonment extends beyond those who willfully participate in

detaining the complaining party to those who request or direct the detention." *Rodriguez*, 92 S.W.3d at 507. Thus, "any conduct that is intended to cause the detention of another, and in fact causes the detention, may be used to satisfy the first element of false imprisonment, even when the actor does not participate in the detention." *Id.* As for the third element of a false imprisonment claim, the plaintiff must show that arresting officers lacked probable cause to make a lawful arrest. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655−56 (5th Cir. 2004) (holding that the "'constitutional torts' of false arrest…and false imprisonment…require a showing of no probable cause."). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001).

### F. Federal Rule of Civil Procedure 12(b)(6)

A complaint survives a Rule 12(b)(6) motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. et. al. v. Twombly*, 550 U.S. 544, 570 (2007)). Meeting this "facial plausibility" standard requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although plausibility does not require probability, a plaintiff must establish "more than a sheer possibility that the defendant has acted unlawfully." *Id.* The complaint need not contain detailed factual allegations, but it must set forth "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Indeed, a motion under Rule 12(b)(6) evaluates the adequacy of the allegations in a

complaint rather than the merits of the case. *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). A complaint "is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are taken as true." *Oppenheimer v. Prudential Sec., Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). While all well-pleaded facts in the complaint are to be accepted as true, legal conclusions "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A court should "not strain to make unwarranted inferences favorable to the plaintiff." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Where a complaint fails to state a claim, the court should generally give the plaintiff a chance to amend before dismissing with prejudice, unless amendment would be futile. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Amendment is futile if an amended complaint would still fail to state a claim. *Mandujano v. City of Pharr, Texas*, 786 F. App'x 434, 438 (5th Cir. 2019).

### G. 42 U.S.C. § 1983 & *Monell* Claims

Plaintiff brings his federal constitutional claims against Defendants Zapata County and Zapata County Sheriff's Office under 42 U.S.C. § 1983, a statute authorizing private parties to enforce their federal constitutional rights, and some federal statutory rights, against municipalities, state and local officials, and other defendants who acted under color of state law. 42 U.S.C. § 1983; *Albright v. Oliver*, 510 U.S. 266, 269−71 (1994). To state a viable claim under § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and

(2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994).

Along with individual defendants, local government entities are considered "persons" who may be sued directly under § 1983. *Monell v. Dep't of Social Serv. of City of N.Y.*, 436 U.S. 658, 690−98 (1978) (holding that a government entity is liable under § 1983 only if the entity itself causes the constitutional violation at issue); *Fraire v. City of Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992) (citing *Monell*). Notably, "a municipality cannot be held vicariously liable for the constitutional torts of its employees or agents." *Gros v. City of Grand Prairie*, 181 F.3d 613, 615 (5th Cir. 1999). Indeed, a municipality is only liable if it (1) causes the constitutional violation at issue or (2) adopts and maintains a particular policy with "deliberate indifference as to its known or obvious consequences." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 117 S.Ct. 1382, 1385 (1997).

To impose § 1983 liability on Defendant Zapata County under *Monell*, Plaintiff must identify "(1) an official policy or custom (2) which the policymaker can be charged with actual or constructive knowledge and (3) a constitutional violation whose moving force is that policy or custom." *Valle v. City of Hous.*, 613 F.3d 536, 541−42 (5th Cir. 2010). A policy may be identified "through evidence of an actual policy, regulation, or decision," *Id.* at 542, or through an informal custom that represents municipal policy, *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010). A policy may also be shown through a single incident, but only if the person making the decision had final policymaking power. *Valle*, 613 F.3d at 542.

## Discussion

The Court will now consider each of Plaintiff's claims and determine whether any survives the instant Motion to Dismiss. *See* (Dkt. 2.) First, the Court will assess Plaintiff's state law claims

against Defendants Zapata County Sheriff's Office and Zapata County. Next, the Court will proceed to Plaintiff's § 1983 claim against Defendant Zapata County.

### A. State Law Claims

In his Second Amended Complaint Plaintiff introduces state law causes of action against Zapata County, Zapata County Sheriff's Office, and the four unnamed sheriff's deputies. *See* (Dkt. 1, Attach. 1.) Defendants have raised a jurisdictional challenge to hearing these claims, namely, that government immunity shields Zapata County and Zapata County Sheriff's Office from liability, that must be addressed before turning to the standard Rule 12(b)(6) analysis. (Dkt. 2 at ¶ 6.)

#### 1. Zapata County Sheriff's Office Is Not a Separate Juridical Entity Capable of Being Sued Under Texas Law

First, the Court must address the threshold jurisdictional question of whether Defendant Zapata County Sheriff's Office may be sued separately under Texas law. In *Darby v. Pasadena Police Dep't*, the Fifth Circuit held that a plaintiff suing a municipal corporation, such as a city police department, bears the burden of showing that the "true political entity has taken explicit steps to grant the servient agency with jural authority[.]" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The Fifth Circuit applied the *Darby* test to counties and county sheriff's departments in *Alcala v. Dallas Cty. Sheriff's Dep't*, 988 F.2d 1210, 1210 (5th Cir. 1993) (finding that the plaintiff failed to establish that Dallas County granted its sheriff's department the power to sue or be sued).

Here, as in *Alcala*, Plaintiff's Second Amended Complaint raises state law and federal claims against Defendant Zapata County Sheriff's Office but pleads no facts indicating that Defendant Zapata County granted the Sheriff's Office the right to engage in separate litigation. *See* (Dkt. 1, Attach. 1.) "His suit, as it stands, seeks recovery from a legal entity that does not exist

for his purposes." *Alcala*, 988 F.2d at 1210 (quoting *Darby*, 939 F.3d at 314). Therefore, the Court dismisses with prejudice Plaintiff's claims against Defendant Zapata County Sheriff's Office.

### 2. Governmental Immunity Protects Defendant Zapata County from Liability for the Torts Allegedly Committed by Defendant's Employees

The Court now turns to Plaintiff's tort claims—assault, battery, false imprisonment, and negligence—against Defendant Zapata County for the harms he suffered while in police custody. Defendant counters that (1) the Texas Tort Claims Act (TTCA) specifically bars claims arising out of an intentional tort and (2) the TTCA is not the appropriate vehicle for claims of negligent failure to train or supervise employees. (Dkt. 2 at ¶ ¶ 34−36.) Thus, Defendant argues that Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). (*Id.*) The Court agrees.

As noted, a governmental unit, such as a county, enjoys immunity from tort liability unless the immunity has been waived by specific provisions of the TTCA. Tex. Civ. Prac. & Rem. Code § 101.025(a). Governmental immunity is waived for personal injury claims where the injury: (1) "arises from the operation or use of a motor-driven vehicle or motor-driven equipment;" and (2) "[was] caused by a condition or use of tangible personal…property[.]" *Id.* § 1010.021. Importantly, this waiver of governmental immunity applies only to "certain negligent conduct" and "does not waive immunity for claims arising out of intentional torts." *Saenz v. City of El Paso*, 637 F. App'x 828, 830 (5th Cir. 2016) (*per curiam*). So, "if a plaintiff pleads facts which amount to an intentional tort, *no matter if the claim is framed as negligence*, the claim generally is for an intentional tort and is barred by the TTCA." *Id.* (quoting *Harris Cty. v. Cabazos*, 177 S.W.3d 105, 111 (Tex. App. 2005) (emphasis added).

Here, Plaintiff brings claims against Defendant Zapata County for assault, battery, and false imprisonment. (Dkt. 1, Attach. 1 at ¶¶ 7, 9.) The specific conduct—strapping Plaintiff into a

restraining chair and "brutally assaulting him"—is clearly intentional. (*Id.* at ¶ 7.) However, it is well established that the TTCA "does not apply to claims arising out of an intentional tort." *Goodman v. Harris Cty.*, 571 F.3d 388, 394 (5th Cir. 2009). Therefore, Plaintiff's intentional tort claims against Defendant must be dismissed.

Likewise, Plaintiff's vague assertion that his injuries were "proximately caused by Defendants' negligent, careless, and reckless disregard of duty" also fails. (*Id.* ¶ at 18.) The TTCA's intentional-tort bar applies to negligence actions "based on the 'same conduct' as the intentional tort claim." *Saenz*, 637 F. App'x at 831 (citing *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580−81 (Tex. 2001)). Here, Plaintiff's claims of negligent failure to train and negligent supervision are based on the same conduct as his assault, battery, and false imprisonment claims. *See* (Dkt. 1, Attach. 1 ¶ at 18) ("Plaintiff's injuries were proximately caused by Defendants' negligent, careless, and reckless disregard of duty"). Plaintiff's allegations make clear that no "distinct facts" support their negligence and intentional-tort claims, placing the negligence claims "outside the TTCA's 'limited waiver of sovereign immunity.'" *Saenz*, 637 F. App'x at 831 (quoting *Goodman*, 571 F.3d at 394); *Aguirre v. City of San Antonio*, 995 F.3d 395, 422 (5th Cir. 2021) (holding that "intentional conduct, no matter how it is pled, falls under the TTCA's sovereign immunity waiver exception"). Further, the Fifth Circuit has recognized that a claim of negligent failure to train or supervise "is not a proper cause of action under the TTCA." *Goodman*, 571 F.3d at 394 (citing *Petta*, 44 S.W.3d at 580 (Tex. 2001)). Accordingly, Plaintiff's tort-law claims are dismissed, with prejudice, and without leave to amend, because no different factual allegations could overcome the TTCA's bar on intentional torts.

**3. Governmental Immunity Protects Defendant Zapata County from Liability Under the Texas Declaratory Judgment Act (UDJA) Because Plaintiff's Constitutional Claims Are Facially Invalid**

In addition to asserting negligence claims as a basis for subject matter jurisdiction, Plaintiff contends that governmental immunity does not bar relief on his claims under the Texas Constitution. (Dkt. 1, Attach. 1 at ¶ 11); *see Tex. Dep't of Transp. v. Sefzkik*, 355 S.W.3d 618, 621 (Tex. 2011) (finding that suits to require state officials to comply with constitutional provisions are not prohibited by sovereign immunity); *see also* Tex. Const. Art. I §§ 8 (freedom-of-speech-and-press; libel clause), 19 (due-course-of-law clause). It is true that, under Texas law, sovereign immunity does not bar a suit to vindicate constitutional rights. *Klumb v. Hous. Mun. Emp. Pension Sys.*, 458 S.W.3d 1, 13 (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009)). However, "[i]mmunity from suit is not waived if the constitutional claims are facially invalid." *Id.* (citing *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011)). Here, Plaintiff alleges that Defendant Zapata County violated his free speech rights but offers no factual support for his claim. (Dkt. 1, Attach. 1 at ¶ 11.) Likewise, Plaintiff seeks a declaratory judgment that Defendant violated his right to due course of law without elaborating a factual basis. (*Id.*) Because Plaintiff fails to state a claim for relief, Defendant's immunity from suit is not waived. Therefore, the Court must dismiss without prejudice Plaintiff's claims arising under the Texas Constitution.

### B. Federal Law Claims

Having decided the jurisdictional challenge to Plaintiff's state law claims against Defendant, the Court now turns to the standard Rule 12(b)(6) analysis of Plaintiff's federal claims. As noted, Plaintiff amended his complaint in March of 2023 to allege, for the first time, federal causes of action against Defendant Zapata County, bringing a § 1983 claim for violations of his rights under the Fourth and Fourteenth Amendments. (Dkt. 1, Attach. 1 at ¶¶ 11−15.) Defendant urges the Court to dismiss Plaintiff's federal claims on the basis that (1) the § 1983 action is time-

barred by the applicable statute of limitations and (2) Plaintiff fails to state a claim for relief that is plausible on its face. (Dkt. 2 at ¶¶ 11, 21.) The Court will now address both arguments in turn.

### 1. The Court Must Dismiss with Prejudice Plaintiff's § 1983 Action Against Defendant Zapata County Because It Is Time-barred Due to the Passage of the Applicable Statute of Limitations

"There is no federal statute of limitations for § 1983 actions." *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991). However, the Supreme Court has instructed federal courts "to borrow the forum state's general personal injury limitations period." *Id.* (citing *Owens v. Okure*, 488 U.S. 235, 249−50 (1989)). In Texas, the forum state in this case, the relevant limitations period is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a). Under Texas law, a § 1983 claim brought after the statute of limitations has run is time-barred if the essential elements of the claim were not raised timely in a previous pleading. *Lang v. City of Nacogdoches*, 942 S.W.2d 752, 761 (Tex. App. 1997). Notably, the Fifth Circuit has recognized that the relation-back doctrine does not apply where a plaintiff makes a "tactical choice to omit his federal claims." *Quinn v. Guerrero*, 863 F.3d 353, 363 (5th Cir. 2017).

Here, Plaintiff filed his Original Petition (Dkt. 1, Attach. 4) in state court on March 10, 2022, deliberately excluding federal causes of action against Defendant Zapata County to prevent removal of the case to this court. (Dkt. 1, Attach 4 at ¶ 11.) Plaintiff was unequivocal: "[t]he only causes of action which are intended to be litigated in this Court are those concerning rights arising under the Laws and Constitution of the sovereign State of Texas." (*Id.*) Then, fourteen months later, in May of 2023, Plaintiff abruptly changed course, introducing a § 1983 claim alleging that Defendant violated his civil rights under the Fourth and Fourteenth Amendments of the U.S. Constitution. (Dkt. 1, Attach. 1 at ¶¶ 11−15.) Accordingly, Defendant removed the case to this Court and seeks dismissal based on the passage of the two-year statute of limitations for § 1983

claims under Texas law, which occurred on March 15, 2022. (Dkt. 2 at ¶¶ 15−16); Tex. Civ. Prac. & Rem. Code § 16.003(a). Defendant further asserts that the relation-back doctrine is unavailing because Plaintiff's decision to omit federal claims from his Original Petition was clearly a "tactical choice" to avoid the triggering of the district court's jurisdiction. (Dkt. 2 at ¶ 16); *see Quinn*, 863 F.3d at 363 (holding that relation-back doctrine was inapplicable to homeowner's § 1983 claims against police officers arising from the execution of a search warrant on his home, where homeowner's pleading error was failing to allege a federal cause of action until it was too late). The Court agrees. Notably, Plaintiff has not responded to Defendant's claims regarding the passage of the statute of limitations and the inapplicability of the relation-back doctrine. *See* (Dkt. 8.). Thus, finding that Plaintiff did not timely raise the essential elements of a § 1983 claim in his previous pleadings, the Court concludes that Plaintiff's § 1983 claim against Defendant Zapata County is time-barred by the passage of the statute of limitations and must be dismissed with prejudice.

### 2. The Court Dismisses with Prejudice Plaintiff's Claim Against Defendant Zapata County under 42 U.S.C. § 1983 Because the Second Amended Complaint Fails to State a Constitutional Claim

Plaintiff brings a *Monell* claim against Defendant Zapata County, alleging that his jailers violated his rights under the Fourth and Fourteenth Amendments when he was assaulted at the Zapata County Regional Jail. (Dkt. 1, Attach. 1 at ¶¶ 10−14.) To recover a judgment against Defendant, Plaintiff must show that he sustained a deprivation of a federally protected right because of an official policy, practice, or custom of the Defendant. *Monell v. Dep't of Social Serv. of City of N.Y.*, 436 U.S. 658, 685 (1978). Plaintiff must identify (1) an official policy or custom (2) which the Defendant can be charged with actual or constructive knowledge and (3) a constitutional violation whose moving force is that policy or custom. *Valle v. City of Hous.*, 613

F.3d 536, 541−42 (5th Cir. 2010). In other words, Plaintiff "must identify the policy or custom and connect the policy or custom with the government entity itself, and then show that the particular injury was incurred because of the execution of that policy." *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984).

As noted, *respondeat superior* cannot form a basis for recovery under § 1983. *Monell*, 436 U.S. at 691; *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). It is only "when the execution of the government policy or custom inflicts injury that the government as an entity can be held liable." *Fraire v. City of Arlington*, 957 F.2d 1268, 1277 (citing *Monell*, 436 U.S. at 694). A government entity is liable if it either (1) causes the constitutional violation at issue or (2) adopts and maintains a particular policy with "deliberate indifference as to its known or obvious consequences." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 398 (1997); *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003). "That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the *employee* acted culpably." *Brown*, 520 U.S. at 406−07.

Here, Plaintiff alleges that his injuries occurred "in violation of police policies and procedure based on information and belief." (Dkt. 1, Attach. 1 at ¶ 7.) But Plaintiff fails to identify or otherwise describe "police policies" with any particularity. (*Id.*) Nor does he plead that his injuries occurred because of the Defendants' *execution* of those policies either, as *Monell* requires. *Fraire*, 957 F.2d at 1277 (emphasis added). Rather, Plaintiff seeks to hold Defendant Zapata County vicariously liable for the actions of its employees, who allegedly violated existing policies and procedures by assaulting and falsely imprisoning him. (Dkt. 1, Attach. 1 at ¶ 7.) Therefore, Plaintiff's § 1983 claim against Defendant must fail as it is premised on a theory of *respondeat*

*superior*. *Victoria W.*, 369 F.3d at 482. Because Plaintiff has pled no policy, practice, or custom of Zapata County whose execution caused him to suffer a violation of his rights under the Fourth and Fourteenth Amendments, the Court concludes that Plaintiff has failed to state a claim against Defendant under § 1983.

Ordinarily, where a complaint fails to state a claim, the court should generally provide the plaintiff an opportunity to amend before dismissing with prejudice, unless amendment would be futile. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, amendment here is futile because Plaintiff's § 1983 action is barred by the passage of the two-year statute of limitations on such claims under Texas law, and the pleadings otherwise fail to raise an equitable basis for tolling. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Therefore, finding that Plaintiff fails to state a claim for relief, the Court dismisses with prejudice Plaintiff's *Monell* claim against Defendant Zapata County.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. 2) is GRANTED. All of Plaintiff's claims against Defendant Zapata County Sheriff's Office are hereby DISMISSED WITH PREJUDICE. Plaintiff's tort claims against Defendant Zapata County are hereby DISMISSED WITH PREJUDICE. Plaintiff's claims against Defendant Zapata County arising under the UDJA and Texas Constitution are hereby DISMISSED WITHOUT PREJUDICE. Finally, Plaintiff's § 1983 claim against Defendant Zapata County is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

SIGNED this March 27, 2024.

                                                    Diana Saldaña
                                                    United States District Judge